NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE ASHTON, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | |
| v. | **OPINION** |
| AT&T CORPORATION, | Civil Action No. 03-CV-3158 (DMC) |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon a motion by Jane Ashton ("Plaintiff") for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Plaintiff seeks reconsideration of this Court's September 22, 2005 Opinion and Order granting AT&T's ("Defendant") motion for summary judgment. This motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion for reconsideration is **denied**.

### I. Background

The facts of this matter are described in detail in this Court's September 22, 2005 Opinion and in the interest of judicial economy the facts will not be restated in this Opinion. On October 11, 2005, Plaintiff filed a Motion for Reconsideration and now requests this Court to reconsider that which it previously decided.

### II. Discussion

#### A. The Standard for Reconsideration

Under Rule 59 of the Federal Rules of Civil Procedure, a plaintiff must satisfy a high

standard in order to have a judgement altered or amended.  In <u>North River Insurance Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995), the Court stated that a Rule 59 motion for an amended judgment must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to either correct a clear error of law or prevent a manifest injustice.  A motion for reconsideration is regarded as "the functional equivalent of a Rule 59 motion. . . to alter or amend judgment."  <u>Venen v. Sweet</u>, 758 F. 2d 117, 122 (3d Cir. 1985).

### B. Local Rule 7.1

Although Rule 59 allows for a judgment to be altered, there is no express provision in the Federal Rules of Civil Procedure for a judicial decision to be reconsidered.  <u>United States v. Compaction Sys. Corp.</u>, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (Hedges, U.S.M.J.).  However, in this District, Local Rule 7.1(g) creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge, or a Magistrate Judge, to take a second look at any decision "upon showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." LITE, N.J. FEDERAL PRACTICE RULES, Comment 6 to L. Civ. R. 7.1(g) (GANN 2002 ed.).  Consequently, Local Rule 7.1(g) of the Local Rules of Civil Procedure, rather than Rule 59 of the Federal Rules of Civil Procedure, governs motions for reconsideration filed in the District of New Jersey.  <u>Compaction Sys. Corp.</u>, 88 F. Supp. 2d at 345.

Relief by way of a motion for reconsideration is an "extraordinary remedy" only be granted "very sparingly."  <u>NL Indus. Inc. v. Commercial Union Ins., Co.</u>, 935 F. Supp. 513, 516 (D.N.J. 1996); <u>Maldonado v. Lucca</u>, 636 F. Supp. 621, 630 (D.N.J. 1986) (Brotman, U.S.D.J.).  Local Rule 7.1(g) does not contemplate a recapitulation of arguments previously considered by

the court in rendering its decision.  Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992) (Lechner, U.S.D.J.), aff'd, 37 F.3d 1485 (3d Cir. 1994).  Stated more simply, a motion for reconsideration is not an appeal.  It is improper for a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through – rightly or wrongly."  Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990) (Ackerman, U.S.D.J.).  Rule 7.1(g) permits reconsideration only when "dispositive factual matters or controlling decisions of law" that were previously presented to the court were overlooked. Resorts Int'l v. Great Bay Hotel and Casino, 830 F. Supp. 826, 831 (D.N.J. 1992); Khair v. Campbell Soup, Co., 893 F. Supp. 316, 337 (D.N.J. 1995) (Irenas, U.S.D.J.).

### C. Plaintiff's Failure to Meet the Standard for Reconsideration

Here, the Plaintiff's motion fails to show that this Court "overlooked" any of the above listed points.  Instead, Plaintiff is improperly using a Rule 59 motion as a vehicle to reargue her claims.  An argument is not deemed overlooked because it is not specifically addressed in a court's opinion.  Eichorn v. AT&T Corp., No. Civ. A. 96-3587 (MLC), 1999 WL 33471890 (D.N.J. Aug. 23, 1999) (Cooper, U.S.D.J.).  An argument may be regarded as having been considered if it is presented to the court in written submissions and in oral argument.  Id.  This Court did not overlook any of the Plaintiff's claims.  To the contrary, this Court carefully reviewed and considered each and every allegation in the Plaintiffs' Complaint.

### 1. Plaintiff's LAD and ADA Claims

The Plaintiff argues in her motion for reconsideration that this Court erred in finding that she was not disabled under the New Jersey Law Against Discrimination ("LAD") and the Americans With Disabilities Act ("ADA").  This Court's reliance on the cases Clowes v. Terminix Int'l, Inc., 109 N.J. 575 (1988), and Viscik v. Fowler Equipment Company, Inc., 173

N.J. 1 (2002), to determine that Plaintiff did not have disability under the LAD and the ADA was not misplaced.  Plaintiff's argument that these cases do not apply because both involved jury trials, does not change the fact that plaintiffs suffering from mental disabilities, which are not readily apparent, must present expert medical evidence.  Viscik, 173 N.J. at 16.

Plaintiff also alleges she has a mental impairment that renders her disabled under the LAD and ADA and that this Court was incorrect to find otherwise.  However, Plaintiff did not offer any expert medical evidence demonstrating such a disability existed.  The fact that the New Jersey Labor Department determined Plaintiff was eligible for short term disability benefits is not dispositive of whether a plaintiff is disabled under the ADA or LAD.  Plaintiff failed to provide adequate medical evidence proving she was disabled as required under the relevant case law, therefore this Court did not err in granting Defendant's motion for summary judgment.  Plaintiff has not shown that a dispositive factual matter was overlooked by the Court in concluding Plaintiff was not disabled as Rule 7.1(g) requires.

Furthermore, Plaintiffs arguments regarding Dicino v. Aetna U.S. Healthcare, 2003 WL 21501818 (D.N.J. 2003), are misplaced because Plaintiff's case deals with a physical handicap and not a mental disability.  Also, the plaintiff in Dicino submitted detailed diagnostic tests, medical histories, surgeries and hospitalizations.  The Plaintiff in this case has not submitted any such evidence.  There is nothing in Plaintiff's medical file that indicates she is disabled under the LAD or ADA.  Plaintiff's arguments regarding Enriquez v. West Jersey Health System, 342 N.J. Super. 501 (App. Div. 2001) are also unpersuasive.  Enriquez addressed a discrimination complaint brought by a transsexual diagnosed with gender dysphoria.  Plaintiff's arguments fail again because the Enriquez Court required medical evidence confirming that the plaintiff was medically diagnosed with gender dysphoria, explaining how the condition manifested itself, and

detailing the methods used to make the diagnosis.  Id. at 521-22.  Here the Plaintiff failed to present any such medical evidence.  Plaintiff has failed to show that controlling decisions of law were overlooked by this Court when it granted Defendant's motion for summary judgment as required by local Rule 7.1(g).  Therefore, Plaintiff's motion for reconsideration on her LAD and ADA claims is denied.

### 2. Plaintiff's FMLA Claim

Plaintiff argues that her claim under the Family Medical Leave Act ("FMLA") should not have been dismissed under the entitlement theory.  However, Plaintiff never asserted a claim under the entitlement theory in her Amended Complaint and is barred from doing so now.  Plaintiff also claims this Court erroneously denied her retaliation claim under the FLMA by overlooking her medical file.  This Court examined every document Plaintiff submitted, including her medical file.  Unfortunately for Plaintiff, her medical file failed to prove she was suffering from a disability or any other medical condition.  Again, Plaintiff has failed to show this Court overlooked any dispositive factual matters when I dismissed her FMLA claim.  Therefore, Plaintiff's motion for reconsideration of her FMLA claim is denied.

### III. Conclusion

Plaintiff has not met the high standard required to achieve success on a motion for reconsideration.  For the reasons stated in this Opinion, Plaintiff's motion for reconsideration is **denied**.  An appropriate Order accompanies this Opinion.

                                        S/ Dennis M. Cavanaugh
                                        Dennis M. Cavanaugh, U.S.D.J.

Date:        February 2, 2006
Original:   Clerk's Office
Cc:         All Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File